FILED
2017 Nov-22  PM 03:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **DOUGLAS KEITH WARREN,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| ) | |
| **v.** ) | **Civil Action No.:** |
| ) | |
| **COOSA COUNTY BOARD OF** ) | **JURY TRIAL DEMANDED** |
| **EDUCATION; RANDALL** ) | |
| **HARDIMAN, Board Member in** ) | |
| **his official capacity only;** ) | |
| **TIFFANY MCCAIN, Board** ) | |
| **member in her official capacity** ) | |
| **only; DAVID TUCK, Board** ) | |
| **member in his official capacity** ) | |
| **only; DONNA McVEY, Board** ) | |
| **member in her official capacity** ) | |
| **only; GAY ADAMS, Board** ) | |
| **member in her official capacity** ) | |
| **only; ANDI WILSON, as** ) | |
| **Successor to Superintendent** ) | |
| **DENNIS R. SANFORD, in her** ) | |
| **official capacity only; DENNIS R.** ) | |
| **SANFORD, former Superintendent** ) | |
| **in his individual capacity; and** ) | |
| **BRADLEY DELYNN BOULDIN,** ) | |
| **Principal of Central High** ) | |
| **School, in his individual capacity,** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Douglas Keith Warren, by and through his attorneys of record, and files this his Complaint against Defendants Coosa County Board of Education, and against the following individuals in their official capacities: Randall Hardiman, Board Member, Tiffany McCain, Board Member, David Tuck, Board Member, Donna McVey, Board Member, Gay Adams, Board Member, and Andi Wilson, Superintendent, successor to Dennis R. Sanford, former Superintendent; and against the following individuals in their individual capacities: Dennis R. Sanford, former Superintendent and Bradley Delynn Bouldin, Principal, and states as follows:

## STATEMENT OF THE CASE

1.     This is a lawsuit brought by the Plaintiff,  who has been affected by the claims alleged below, seeking permanent relief from unlawful discriminatory practices involving  termination  from  employment  and  other  terms  and  conditions  of employment by failing to remedy systemic employment discrimination based on race and sex, as well as violations of his Constitutional liberty interest, and against the individuals for defamation and tortious interference with contractual relations.  The actions of Defendant Coosa County Board of Education alleged herein violate 42 U.S.C. § 1981 ("§ 1981"), by and through 42 U.S.C. § 1983, on the basis of race discrimination,  Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C § 2000e, et seq., due to sex discrimination, and the violation of Plaintiff's Constitutional

liberty interest, guaranteed by the fourteenth amendment to the U.S. Constitution, by and through 42 U.S.C. § 1983. Individual Defendants Sanford and Bouldin published slanderous and libelous information to one or more third parties, for which Plaintiff brings a pendent state claim of defamation.

**JURISDICTION AND VENUE**

2.    This Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

3.    Plaintiff has fulfilled all conditions precedent to the institution of this action. Plaintiff filed a Charge of Discrimination on October 26, 2016, in which he brought claims based on Title VII of the Civil Rights Act of 1964, as amended, Charge No. 420-2017-00248. A true and correct copy of that Charge of Discrimination is attached hereto as Exhibit "A." The EEOC issued a Notice of Right to Sue on August 25, 2017. A true and correct copy of the Notice of Right to Sue is attached as Exhibit "B". The Notice of Right to Sue was received by Plaintiff on August 28, 2017. This action is being brought within 90 days of the Plaintiff's receipt of the Notice of Right to Sue.

4.    This action is brought in the judicial district and division wherein one of the Defendants, Bradley Delynn Bouldin, resides, and all Defendants are residents of the state in which this judicial district is located, making venue proper under 28

U.S.C. § 1391 (b)(1).

## PARTIES

5.     Plaintiff, Douglas Keith Warren   ("Warren " or "Plaintiff"), is a Caucasian adult male resident of, and domiciled in, the state of Alabama and this judicial district.  Warren was employed by Coosa County Board of Education from August 21, 2015 until his termination on or about May 25, 2016 .

6.     Defendant Coosa County Board of Education was the employer of Plaintiff at all times material herein within the meaning of 42 U.S.C. §1981, by and through 42 U.S.C. § 1983, and Title VII.

7.     Individual Defendants in their official capacities Kenneth Hardiman, Tiffany McCain, David Tuck, Donna McVey, Gay Adams, Board members,and Andi Wilson, Superintendent and successor to Dennis R. Sanford, are responsible for the governance and policy making of the Coosa County school system, and have the power to carry out the injunctive relief requested herein.

8.     Individual Defendant Dennis R. Sanford, former Superintendent, and individual Defendant Bradley Delynn Bouldin, knowingly published or caused to be published false allegations to the Alabama State Department of Education, causing Plaintiff to suffer loss of employment opportunities, and great and injurious harm to his reputation.

4

## STATEMENT OF FACTS

9.     Plaintiff, Douglas Keith Warren, is a Caucasian male who resides in Childersburg, Alabama.

10.     Plaintiff was hired by the Coosa County Board of Education on August 22, 2015 in the position of Special Education Teacher.  He was hired upon the favorable recommendation of Andi Wilson, current Superintendent, who at that time held the position of Special Education Coordinator.

11.     Plaintiff was hired into a special education position at Coosa Central High School on an alternative certification, and  was advised by Defendant Principal Bouldin and Defendant, then-Special Education Coordinator, Andi Wilson, to enroll in graduate school no later than January 1, 2016 in order to start on the completion of a masters' degree in special education.

12.     At his own expense, Plaintiff enrolled in and took courses based on the good faith belief that he would continue to be employed in the Special Education position. In March of 2016, Plaintiff was then in fact issued an Alternative Certificate in Special Education serving grades 6 through 12.

13.     During the 2015 - 2016 school year, Plaintiff was also selected to be junior varsity coach and the assistant coach for the varsity girls' high school softball team.  Assistant Principal Rebecca Stallworth, African-American female,  served as

5

the head coach for the varsity team.  Plaintiff, however, performed the majority of the varsity coaching responsibilities.  Plaintiff was effective in that capacity and the team performed well, and as of early May, the varsity team had a winning record and was preparing to attend the area softball tournament.

14.     Plaintiff had been advised on April 20, 2016, that he was being non-renewed for employment effective at the end of the current school year, and that the basis of the non-renewal was without cause.  Upon receiving his pink slip, Plaintiff spoke with Mrs. Wilson, then Special Education Coordinator, regarding the notice and Mrs. Wilson confirmed that the decision to non-renew "was not a performance-based decision."

15.     On the scheduled date of the area softball tournament, Principal Bouldin abruptly called Plaintiff into his office and without warning informed him that he was being relieved of all of his softball coaching duties, and that Stallworth would be the only coach for the softball team.   Accordingly, Assistant Principal Rebecca Stallworth, African-American female, was the sole coach who would represent the school at the upcoming tournament, despite Plaintiff having performed the lion's share of the coaching responsibilities, and despite much vocal support for him expressed by parents of the softball team members.  Defendant Bouldin thus exercised preference for the African-American female over the white male coach.

16.     Thereafter, on or about May 4, 2016, Principal Bouldin and Superin-
tendent Sanford called Plaintiff in to a meeting to discuss a conversation between
Plaintiff and Principal Bouldin that had taken place in March of 2016.  Within that
March 2016 conversation, Principal Bouldin had shared with Plaintiff the difficulties
that his son was having taking standardized tests. Plaintiff shared with Bouldin that
while he was in college he, like others, had difficulties with those kinds of tests, as
well, and that he had such difficulties in college while taking the Praxis exam, that he
had thought about taking the test out of the testing room at the time (that exam
occurred seven or more years prior to this conversation).  Plaintiff stated that he did
not do so, but that such had entered his mind because of the difficulty of taking this
standardized test.  The purpose of that statement was simply to empathize with
Principal Bouldin about his son's difficulties.

17.     In the course of the May 4, 2016, meeting with Superintendent Sanford,
after being asked about the March conversation by Superintendent Sanford, Plaintiff
explained to him what had been stated in the conversation with Principal Bouldin.
Plaintiff confirmed with Sanford what he had stated and the fact that he had never said
that he had taken any test out of the room.  In fact, each time Plaintiff took the test, he
received a score, thus establishing that he could not possibly have removed the test.
Those testing processes are very tightly controlled and turning in the test itself is a

requirement prior to receiving a score.    Sanford indicated he believed Plaintiff's explanation.

18.    Then, eight days later, on May 12, 2016,  Plaintiff was, without warning, expelled from the school premises by Defendant Coosa County Board of Education, by and through then-Superintendent Sanford and Principal Bouldin, who had a policeman escort Plaintiff from the school, and they also placed him on administrative leave until the end of the school year.  Both of these acts were wholly unnecessary because the Board had already been given notice of non-renewal in April.  The only purpose, then, for these punitive and malicious actions was to ensure that Plaintiff was reported to the Alabama State Department of Education ("ALSDE") for misconduct inasmuch as being placed on administrative leave is required to be reported by the local Superintendent to the ALSDE by ALA. ADMIN. CODE § 290-3-2-31(2).

19.     Around that time, a "notice of misconduct" appeared on Plaintiff's TCERT portal.

20.    Defendants Bouldin and Sanford took the action and made the report, knowing that Plaintiff was not guilty of misconduct, and knowing that the circumstances pertaining to the purported misconduct had occurred more than seven years earlier and had been specifically denied by Plaintiff. At the time of their meeting with Plaintiff, they indicated they believed him and his explanation of his discussion

with Mr. Bouldin. Despite such knowledge, Defendants Bouldin and Sanford nonetheless took the wholly unnecessary action of placing Plaintiff on administrative leave. Placing him on administrative leave was a cover-up and justification to remove him as a coach from the girls' softball team, in order to justify their decision to retain Stallworth as the sole girls' softball team coach, and to provide an explanation to parents, many of whom were displeased with Stallworth's performance and had expressed to the administration that they desired for Plaintiff to take on the head coaching position.

21. As a result of the misconduct label on his TCERT portal, Plaintiff was not hired for positions for which he applied. With the negative connotation on his TCERT portal, Plaintiff was rejected for numerous jobs. He made several applications, but the adverse notice on his TCERT portal caused him to be unable to be hired during the prime hiring season for teachers. Thus, his ability to earn a living as a teacher was denied for the coming school year. In addition, even though the notice of misconduct was eventually cleared from his TCERT portal by the Alabama State Department of Education, Plaintiff remains unable, despite his great diligence, to obtain work in his chosen field.

22. In April of 2016, allegations of serious misconduct were brought to the attention of the administration against an African-American female teacher, Jocelyn

Rutledge Marbury.  Those allegations of misconduct concerned current allegations, that were supported by several witnesses, and that were publicly brought to the attention of the administration in a Board of Education meeting.  Nonetheless, neither Bouldin nor Sanford reported allegations against that female teacher to the Alabama State Department of Education.  Further, unlike Defendants' treatment of Plaintiff, Ms. Marbury  was not expelled from the premises, nor was she given administrative leave.

23.     After Plaintiff's termination, on or about August or September of 2016, Defendants replaced his position with a female teacher, Jodie Pate.

24.     The false label of misconduct was published by Defendants in Plaintiff's personnel file.  In addition, the false allegations regarding cheating on a test, emanating from the Coosa County Board of Education and other Defendants, was published in the ALSDE certification files, which are subject to open records laws of the state of Alabama.

## COUNT ONE
## 42 U.S.C. § 1981 via § 1983
## RACE DISCRIMINATION
### (Individual Defendant Board Members and Current Superintendent in their Official Capacities and Defendants Bouldin and Sanford in their Individual Capacities )

25.     Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

26.     In placing Plaintiff on administrative leave and reporting him to the State Department of Education, and failing to report an African-American female, and in removing him from coaching responsibilities and instead retaining an African-American female, Defendants, acting under color of law, intentionally and willfully discriminated against Plaintiff due to his race, Caucasian, in violation of § 1981, via 42 U.S.C. § 1983.  Said actions of Defendants were done under color of law and taken with malice or reckless indifference to the federally-protected rights of Plaintiff.

27.     As a proximate consequence of the violations of § 1981, via 42 U.S.C. § 1983, by Defendants, Plaintiff has suffered and will continue to suffer damage to his professional life and future career opportunities, future pecuniary losses, emotional pain, inconvenience, mental anguish, loss of enjoyment of life, and non-pecuniary damages.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

a.     Placement in the position(s) in which he would have worked absent Defendants' discriminatory treatment; or, in the alternative, front pay;

b.     Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendants are violative of

the rights of the Plaintiff as secured by 42 U.S.C. § 1981 and § 1983;

      c.     Grant the Plaintiff a permanent injunction, enjoining the Defendants, their employees, servants, agents and those acting in concert with them and at their request from continuing to violate the above cited laws;

      d.     Back pay;

      e.     Pre-judgment interest;

      f.     Attorneys' fees;

      g.     Costs;

      h.     Punitive damages against the individual Defendants in their individual capacities; and

      i.     Such other legal or equitable relief, including injunctive relief, as may be appropriate to effectuate the purposes of § 1981, via 42 U.S.C. § 1983, or to which he may be entitled.

**COUNT TWO**
**TITLE VII – SEX DISCRIMINATION**
**(DISPARATE TREATMENT)**
**COOSA COUNTY BOARD OF EDUCATION**

28.    Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

29.    In taking the above-described actions, Defendant Board intentionally discriminated against Plaintiff on the basis of his sex, male, in violation of Title VII.

12

Male employees and female employees were not treated similarly regarding terms and conditions of employment , coaching assignments, discipline, and corrective action.

30.     Defendant Board condones and allows sex-based discrimination.  Said Defendant's actions were in violation of Title VII, and were taken with malice or reckless indifference to the federally-protected rights of Plaintiff.

31.     As a proximate consequence of the violation of Title VII by Defendant Coosa County Board of Education, Plaintiff has suffered and will continue to suffer damage to his professional life and future career opportunities, past and future pecuniary losses, embarrassment, emotional pain, inconvenience, mental anguish, and non-pecuniary damages.

32.     Plaintiff has satisfied all administrative prerequisites to bringing this claim.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

a.     Injunctive relief;

b.     Pre-judgment interest;

c.     Attorneys' fees;

d.     Costs;

e.     Compensatory damages for loss of wages, loss of benefits, mental anguish, embarrassment, emotional distress; and

f.     Such other legal or equitable relief to which Plaintiff may be entitled.

## COUNT THREE
## § 1983 VIOLATION OF FOURTEENTH AMENDMENT LIBERTY INTEREST
## (DEFENDANTS INDIVIDUAL BOARD MEMBERS, FORMER SUPERINTENDENT SANFORD AND SUCCESSOR SUPERINTENDENT WILSON, ALL  IN THEIR OFFICIAL CAPACITIES)

33.     Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

34.     Defendants made, or caused to be made, a false statement of a stigmatizing nature attending Plaintiff's discharge from his governmental position, which was made public, in that the alleged misconduct was published in his personnel file and the stigmatizing and false statement was published to the Alabama State Department of Education and made part of its records which are open to the public. Such publications were made without a meaningful opportunity for name clearing by the Plaintiff.

35.     The allegations were stigmatizing and tarnishing of Plaintiff's good name, reputation, honor and integrity.  The allegations will likely foreclose future employment opportunities and they were in connection with his discharge from

14

employment.  He was not given a post-stigmatization opportunity to clear his name.

36.     Plaintiff has been deprived of the constitutional requirement of due process as found in the Fourteenth Amendment to the United States Constitution.

37.     Because of the stigmatizing material in Plaintiff's personnel file and the report to the Alabama State Department of Education, both a part of the public records, Plaintiff has been foreclosed from several employment opportunities. Accordingly, Plaintiff is entitled to the remedy of the protection of a due process name clearing hearing.  *Buxton v. Plant City*, 871 F.3d 1037 (11th Cir. 1989).

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands the following relief:

a.      Injunctive relief, to include an order requiring that Plaintiff be given a name-clearing hearing;

b.      Attorneys' fees;

c.      Costs; and

d.      Such other legal or equitable relief to which Plaintiff may be entitled.

<u>**COUNT IV**</u>
<u>**DEFAMATION**</u>
<u>**DEFENDANTS SANFORD AND BOULDIN**</u>
<u>**IN THEIR INDIVIDUAL CAPACITIES**</u>

38.     Plaintiff adopts and realleges each and every allegation contained in

15

this Complaint as if set out anew herein.

39.     Defendant Sanford and/or Principal Bouldin placed Plaintiff on administrative leave and falsely reported that Plaintiff was guilty of misconduct. Defendant Sanford had the legal obligation to report and did report to the Alabama State Department of Education that Plaintiff was guilty of misconduct and that he had been possibly engaged in cheating on the taking of a PRAXIS examination years earlier, a charge that was knowingly false.

40.     In such manner, Sanford and/or Bouldin defamed Plaintiff. Plaintiff never engaged in any such behavior and Sanford and Bouldin knew that.

41.     These false, incorrect, misleading and disparaging statements by Bouldin and Sanford were designed to disparage Plaintiff, reflect poorly on him, cast him in a false light, and justify his dismissal as softball coach and teacher.

42.     As a result of these false, incorrect, misleading and disparaging statements, Plaintiff not only lost his compensation and benefits at Coosa County schools, but also has been unable to find similar employment. Sanford and Bouldin's malicious and defamatory actions have sullied Warren's good name.

43.     As a result of these two Defendants' aforesaid actions, Plaintiff has suffered mental anguish, embarrassment, and humiliation. Despite years of education, he has had to take employment outside of his chosen field. His inability to find work

16

as an educator will negatively affect his future earnings and professional status, self-image and emotional well-being for the foreseeable future.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that a struck jury award him the following:

        a.     Compensatory damages, to include mental anguish, lost professional income;

        b.     Attorney's fees;

        c.     Costs;

        d.     Punitive damages as against these individual Defendants to deter such conduct in the future; and

        e.     Such other relief to which he is entitled.


**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL CLAIMS SO TRIABLE.**

        **Respectfully submitted,**


        **/s/ Donna Smith Cude**
        **John D. Saxon**
        **Alabama Bar No. ASB-3258-071J**
        **Donna Smith Cude**
        **Alabama Bar No. ASB-7680-W18A**
        **Attorneys for Plaintiff**

**OF COUNSEL:**

**JOHN D. SAXON, P.C.**
2119 3rd Avenue North
Birmingham, AL 35203
Tel:    (205) 324-0223
Fax:    (205) 323-1583
Email:       jsaxon@saxonattorneys.com
                 dcude@saxonattorneys.com

**PLAINTIFF'S ADDRESS:**

Douglas Keith Warren
3 River Run Circle
Childersburg, Alabama 35046

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL
RETURN RECEIPT REQUESTED**

**COOSA COUNTY BOARD OF EDUCATION**
c/o Andi Wilson, Superintendent
73 Nixburg Road
Rockford, Alabama 35136

**ANDI WILSON**, Superintendent
Coosa County Board of Education
73 Nixburg Road
Rockford, Alabama 35136

**RANDALL HARDIMAN**, Board Member
**COOSA COUNTY BOARD OF EDUCATION**
c/o Andi Wilson, Superintendent
73 Nixburg Road
Rockford, Alabama 35136

**TIFFANY MCCAIN**, Board Member
**COOSA COUNTY BOARD OF EDUCATION**
c/o Andi Wilson, Superintendent
73 Nixburg Road
Rockford, Alabama 35136

**DAVID TUCK**, Board Member
**COOSA COUNTY BOARD OF EDUCATION**
c/o Andi Wilson, Superintendent
73 Nixburg Road
Rockford, Alabama 35136

**DONNA MCVEY**, Board Member
**COOSA COUNTY BOARD OF EDUCATION**
c/o Andi Wilson, Superintendent
73 Nixburg Road
Rockford, Alabama 35136

**GAY ADAMS**, Board Member
**COOSA COUNTY BOARD OF EDUCATION**
c/o Andi Wilson, Superintendent
73 Nixburg Road
Rockford, Alabama 35136

**DENNIS R. SANFORD**
3921 Washington Street
Alexander City, Alabama 35010-3535

**BRADLEY DELYNN BOULDIN**
1518 Eight Avenue West
Birmingham, Alabama 35208